FILED JUN 2 0 2007
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
at \_\_\_ o'clock and \_\_\_ min. \_\_ M
SUE BEITIA, CLERK

FILED
JUN 26 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ARIETA YAMAGUCHI, <br><br> Defendant - Appellant. | No. 05-10528 <br><br> D.C. No. CR-02-00552-DAE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 4, 2007[**]
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Arieta Yamaguchi failed to file a notice of appeal within ten days of the entry of judgment. *See* Fed. R. App. P. 4(b)(1). The Commissioner's Order of October 11, 2005, dealt with the styling of the appeal, which we interpreted as an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

attempted direct criminal appeal, and did not determine whether any appeal was timely. While filing a notice of appeal within sixty days of the entry of judgment would suffice for a habeas case, *see* Fed. R. App. P. 4(a)(1)(B), a notice of appeal for a direct criminal appeal must be filed within ten days, *see id.* at 4(b)(1). Because the government raised the untimely nature of the notice in its responsive brief, we must dismiss the appeal for noncompliance with Rule 4(b). *See United States v. Sadler*, 480 F.3d 932, 939, 940 n.10. (9th Cir. 2007).

Were we to entertain the appeal, we would deny it. Having elected to represent herself after sufficient warning of the dangers of doing so, Yamaguchi is precluded from arguing that her self-representation was ineffective. *See United States v. Lopez-Osuna*, 242 F.3d 1191, 1200 (9th Cir. 2000); *see also Bribiesca v. Galaza*, 215 F.3d 1015, 1020 (9th Cir. 2000) ("In deciding whether a defendant has knowingly and intelligently decided to represent himself, the trial court is to look not to the quality of his representation, but rather to the quality of his decision.").

**DISMISSED.**

2

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 18 2007

by: _____
Deputy Clerk